UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

Eastern District of Kentucky
FILED
JUN 17 2005
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CIVIL ACTION NO. 05-83-KSF

KENTUCKY COMMUNITIES ECONOMIC
OPPORTUNITY COUNCIL, INC.                                              PLAINTIFF

V.                                   **OPINION & ORDER**

ADMINISTRATION FOR CHILDREN                                            DEFENDANTS
AND FAMILIES and KENTUCKY RIVER
FOOTHILL DEVELOPMENT COUNCIL, INC.

\* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court upon the petition of plaintiff, Kentucky Communities Economic Opportunity Council, Inc. (the "Petitioner"), to perpetuate testimony before an action [DE #1] and the motion of defendant, Administration for Children and Families ("ACF"), to dismiss [DE #6]. These matters are ripe for review.

I.  **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On March 4, 2005, Petitioner filed a verified Rule 27 petition to perpetuate testimony before an action. Petitioner asks the Court for an order authorizing Petitioner to take depositions *duces tecum* of ACF and Kentucky River Foothills Development Council, Inc. ("KRFD").

On May 26, 2004, ACF solicited applications for a grant to provide a Head Start program in Laurel County, Kentucky. Both Petitioner and KRFD submitted applications. On January 5, 2005, ACF informed KRFD that it was being awarded the grant for the Laurel County Head Start program. On February 1, 2005, ACF informed Petitioner that its application had been denied.

Petitioner claims: "Based upon its review of a synopsis of KRFD's application, which is the only version currently available as a public record, Petitioner believes that KRFD's application violated the terms of the Request for Applications; the grant was awarded to KRFD in violation of those terms; and the grant should have been awarded to Petitioner." Complaint, ¶ 8. Petitioner also asserts that it intends to file a lawsuit against ACF and KRFD, but is unable to do so without a complete copy of KRFD's application.

## II.   ANALYSIS

Pursuant to section (a) of Rule 27 of the Federal Rules of Civil Procedure, a petitioner must be able to establish the following elements in order to be able to perpetuate testimony before an action:

1. that the petitioner expects to be a party to an action cognizable in a court of the United States but is presently unable to bring it or cause it to be brought;

2. the subject matter of the expected action and the petitioner's interest therein;

3. the facts which the petitioner desires to establish by the proposed testimony and the reasons for desiring to perpetuate it;

4. the names or a description of the persons the petitioner expects will be adverse parties and their addresses so far as known; and

5. the names and addresses of the persons to be examined and the substance of the testimony which the petitioner expects to elicit. . . .

Fed.R.Civ.P. 27(a). Thus, the party making the motion must show that there is a danger that the testimony will be lost by delay. *Arizona v. California*, 292 U.S. 341, 347-48, 54 S.Ct. 735, 78 L.Ed. 1298 (1934). Mere allegations that witnesses might die or memories might fade are not sufficient to justify the granting of the motion. *Ash v. Cort,* 512 F.2d 909, 913 (3d Cir. 1975). The party seeking authorization under Rule 27(a) must show that it is presently unable to bring

its action and that without the perpetuation of the testimony, a failure or delay of justice would occur. *Shore v. Acands, Inc.*, 644 F.2d 386, 388 (5th Cir.1981). The party also must serve notice upon each person named in the petition. Fed.R.Civ.P. 27(a)(2).

First, in the instant case, Petitioner claims that ACF and KRFD do not dispute that Petitioner expects to be a party to an action cognizable in a court of the United States. In its complaint, Petitioner argues that "[a] review of KRFD's complete application is necessary to confirm Petitioner's beliefs. . . . Petitioner expects to file a lawsuit in this Court against ACF and KRFD regarding the improper award, but is presently unable to do so without a complete copy of KRFD's application." Complaint, ¶¶ 8-9. However, Petitioner fails to provide any reason that it is presently unable to file the intended lawsuit at this time. In *In re Ford*, 170 F.R.D. 504 (M.D. Ala. 1997), a district court rejected a similar claim by a petitioner:

> Admittedly, [petitioner] also asserts in her petition a desire to preserve testimony; she states that she "needs to establish an accurate account of the events that took place ... before the memories of those involved fade or become dist[or]ted by publicity." This reason is not credible, however. [Petitioner] can do this by simply filing suit today.

*Id.* at 506. This issue was also addressed in *Petition of the State of North Carolina*, 68 F.R.D. 410 (S.D.N.Y. 1975). The district court commented, "the petitioner is unable to bring the underlying action because it lacks facts necessary to frame its complaint. It is this very information which the petitioner seeks to gain by this petition." *Id.* at 412. However, the district court concluded that "a Rule 27 petition cannot be used for the purpose of ascertaining facts to be used in drafting a complaint." *Id.* at 412.

Petitioner has failed to provide any reason for why it is presently unable to bring a cause of action. Instead, in its response to ACF's motion to dismiss, Petitioner relies heavily on *In re:*

3

*Bay County Middle Grounds Landfill Site*, 171 F.3d 1044 (6th Cir. 1999). In *Bay County*, General Motors sought to take the deposition of a landfill employee, arguing that his testimony might be relevant in allocating liability against another potentially responsible party should the Environmental Protection Agency bring a suit against General Motors under the Comprehensive Environmental Response, Compensation, and Liability Act. *Id.* at 1045. One of the adverse parties argued that General Motors had failed to establish either "the facts which the petitioner desires to establish," or "the substance of the testimony which the petitioner expects to elicit from each." The Sixth Circuit ultimately concluded that the standard of "may prevent the failure or delay of justice" requires only that the testimony "be relevant, not simply cumulative, and likely to provide material distinctly useful to a finder of fact." *Id.* at 1047. Based on this standard, Petitioner argues that the documents and testimony requested in the petition are relevant because they are necessary to confirm that ACF illegally awarded the grant to KRFD.

Although the documents and testimony Petitioner seeks are likely relevant to its claims of a possible fraudulent grant under the *Bay County* standard, Petitioner fails to acknowledge an important distinction between itself and the petitioner in *Bay County*. In *Bay County*, the petitioner was a potential defendant in a case to be brought by the Environmental Protection Agency. Since the petitioner expected to be a **defendant** in an expected action, it was unable to cause such an action to be brought. Here, Petitioner expects to be a **plaintiff** in an action against the ACF and KRFD, so it could bring a cause of action at any time. It has not made any allegations that it is currently being prevented from bringing this action. *See also Kendrick v. Irwin*, 77 Fed.Appx. 770, 2003 WL 22114022 (6th Cir. 2003) (unpublished decision) ("[petitioner's] petition does not explain why he was unable to file his civil rights action at the

4

time he filed his Rule 27 motion. Thus, [petitioner] has failed to satisfy this requirement of the rule."). Since Petitioner has failed to establish that it is "presently unable to bring or cause [an action] to be brought", it fails to satisfy the first element of Rule 27(a).

Second, a party filing a Rule 27 petition must show that there is a danger that the testimony will be lost by delay. *Arizona v. California*, 292 U.S. 341, 347-48, 54 S.Ct. 735, 78 L.Ed. 1298 (1934); *see also Bay County*, 171 F.3d at 1047 ("There must, of course, be a reasonable showing of the need to perpetuate the testimony lest it be lost because of the commencement of litigation."). Petitioner has failed to even allege that the documents or testimony it seeks is in any danger of being lost or destroyed.

In conclusion, Petitioner has failed to show why it is not presently able to bring an action, which would make ordinary discovery measures available. Moreover, Petitioner has failed to identify a danger of the loss of the testimony it seeks. Because Petitioner could file suit and gain access to KRFD's application and other testimony pursuant to ordinary discovery measures, the Court will deny Petitioner's petition.

### III. CONCLUSION

The Court, being otherwise fully and sufficiently advised, HEREBY ORDERS that:

(1) plaintiff's petition to perpetuate testimony [DE #1] is DENIED; and

(2) defendant's motion to dismiss [DE #6] is GRANTED in accordance with this Court's Judgment entered contemporaneously herewith.

This 17th day of June, 2005.

KARL S. FORESTER, SENIOR JUDGE

5